IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DERRICK EDMOND, *et al.*, individually and on behalf of all others similarly-situated,<br>　　　　　　　　　　Plaintiffs,<br>　v.<br><br>THE CITY OF CHICAGO,<br>　　　　　　　　　　Defendant. | No. 17 CV 4858<br><br>Judge Matthew F. Kennelly |

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs, on behalf of themselves and the putative classes they seek to represent, by and through their undersigned counsel, request that the Court certify this matter or issues in it as a class action pursuant to Fed. R. Civ. P. 23. In support of their motion, Plaintiffs state as follows:

1.　Plaintiffs are current and former African American employees of Defendant's Department of Water Management ("the Department") who, on behalf of themselves and the putative classes they seek to represent, assert claims under federal and state civil rights laws. Plaintiffs allege they and others similarly situated were subject to a racially hostile work environment and denied equal opportunities with respect to overtime, discipline and promotions based on their race (intentionally or unintentionally) and allege a pattern-or-practice of race discrimination.

2.　Plaintiffs request that the Court certify a Hostile Work Environment Class defined as "All Black employees who worked in the Department between January 1, 2011 and the date of judgment." Plaintiffs request that the Court appoint each of them as class representative for that Class.

1

3. Plaintiffs request the Court certify an Overtime Sub-Class defined as "Hostile Work Environment Class Members who worked in the Department in a position eligible for Overtime between June 29, 2015 and July 1, 2017, for the Bureaus of Operations and Distribution, Engineering Services, Administrative Support, and Meter Services." Plaintiffs request that the Court appoint Plaintiffs Henry, Anderson, and Laws as representatives of that Sub-class.

4. Plaintiffs request the Court certify a Discipline Sub-Class defined as "Hostile Work Environment Class Members who were formally accused of a disciplinary infraction between June 29, 2015, and July 1, 2017." Plaintiffs request that the Court appoint Plaintiffs Anderson, Ealy, Glenn, Hill, Cooper and Laws as representatives of that Sub-class.

5. Plaintiffs request the Court certify a Promotion Sub-Class defined as "Hostile Work Environment Class Members who made an unsuccessful application for a position within the Department which was pending between June 29, 2015 and July 1, 2017." Plaintiffs request that the Court appoint Plaintiffs Henry, Ealy and Smith as representatives of that Sub-class.

6. Plaintiffs ask that this Court appoint the undersigned counsel as Class Counsel for the Class and Sub-Classes.

7. As set forth in the attached Memorandum of Law, Plaintiffs satisfy all of Rule 23(a)'s requirements for the Class and Sub-Classes. Additionally, certification is appropriate under Rule 23(b)(2) for declaratory and injunctive relief for each Class and Sub-Class and certification is appropriate under Rule 23(b)(3) for monetary damages because common issues relating to liability (and particularly municipal liability under *Monell*, liability on Plaintiffs' unintentional discrimination claims and liability under the pattern-or-practice theory of proof) predominate. Deciding liability issues in one class-wide trial would be far superior to litigating the same common questions based on the same common evidence for each putative class member.

Alternatively, should the Court find Plaintiffs cannot satisfy Rule 23(b)(2) or (b)(3), Plaintiffs request that this Court certify issues relating to liability under Rule 23(c)(4).

**WHEREFORE**, for the reasons set forth herein and in the accompanying Plaintiffs' Memorandum in Support of Their Motion for Class Certification Under Fed. R. Civ. P. 23, and based on evidence in Plaintiffs' appendix of evidentiary materials, Plaintiffs respectfully request this Court grant their motion, certify the classes Plaintiffs propose or such other class(es) that the Court deems appropriate, appoint them as representatives (or permit Plaintiffs leave to substitute another representative as the Court deems appropriate) and appoint the undersigned counsel as Class Counsel.

    Respectfully submitted for Plaintiffs
and the putative Classes,

By: /s/ *Devlin Joseph Schoop*
One of Plaintiffs' Attorneys

Victor P. Henderson
Devlin Joseph Schoop
Christopher W. Carmichael
HENDERSON PARKS, LLC
140 S. Dearborn St., Suite 1020
Chicago, Illinois 60603
Tel: (312) 262-2900
vphenderson@henderson-parks.com
dschoop@henderson-parks.com
ccarmichael@henderson-parks.com

J. Bryan Wood
THE WOOD LAW OFFICE, LLC
303 W. Madison St, Ste. 2650
Chicago, Illinois 60606
Tel: (312) 554-8600
bryan@jbryanwoodlaw.com

Charles R. Watkins
GUIN, STOKES & EVANS, LLC
805 Lake Street, #226
Oak Park, IL 60301
Tel: (312) 878-8391
cwatkins@gseattorneys.com

## **CERTIFICATE OF SERVICE**

   The undersigned certifies that on November 18, 2022, a true and correct copy of the above and foregoing **Motion for Class Certification and Memorandum of Law in Support of Motion for Class Certification** was electronically filed with the Clerk of the United States District Court for the Northern District of Illinois by filing through the CM/ECF system, which served a copy of the foregoing upon all counsel of record.

By:/s/ *Devlin Joseph Schoop*