IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DERRICK EDMOND, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | No.   17 CV 4858 |
| ) | |
| CITY OF CHICAGO, ) | |
| ) | |
| Defendant. ) | |

## MOTION TO PRESENT EXPERT TESTIMONY AT TRIAL

Plaintiffs, pursuant to Federal Rule of Civil Procedure 26(a)(2) and 37, seek to determine whether testimony from Plaintiffs' experts could be presented at trial. Plaintiffs seek clarification now because Defendant raised a procedural objection to the experts during summary judgment briefing and because of the advanced coordination required for the experts travel to Chicago and prepare to testify in June.

Plaintiffs understand that the scope of expert testimony would change in light of the Court's ruling on summary judgment and can confer with Defendant about the scope of testimony during the pre-trial process and motions *in limine*. But, the experts should not be excluded under Rule 37. Rather, Plaintiffs' experts should be allowed to testify at trial because their opinions were fully disclosed during discovery, and both experts were deposed by the Defendant. Testimony by the experts on the previously disclosed opinions does not harm or prejudice the Defendant under the applicable rules

and standards.

## Argument

During summary judgment, Defendant opposed references to Plaintiffs' experts because, according to Defendant, Plaintiffs' prior disclosures were solely for class certification and Plaintiff did not issue "Rule 26(a)(2) disclosures for purposes of summary judgment by September 29, 2023." (Dkt. 316, Def. Reply Br.) Although Plaintiff did not re-disclose previously disclosed experts' opinions, Plaintiffs' prior expert disclosures were not *solely* for purposes of class certification. (*See* **Exhibit 1**, 8/16/21 R. 26(a)(2) Disclosure - Siskin; **Exhibit 2**, 8/16/21 R. 26(a)(2) Disclosure - Gallagher.) Discovery in this case was never bifurcated. All discovery occurred simultaneously. From the beginning of this case, Plaintiffs asserted that Defendant "engage[d] in a policy or practice of discriminating against African Americans in their employment through a hostile work environment, denial of promotions, lack of overtime pay, and discriminatory discipline." (*See* Dkt. 136, 9/24/2019 Joint Status Report, pg. 2.) Plaintiffs' experts provided opinions supporting the assertion that assertion. (*See* **Exhibit 1**, Siskin Report; **Exhibit 2**, Gallagher Report.) While Plaintiffs used those opinions to support the motion for class certification, the opinions were about the work environment at the DWM and are equally applicable to the *Monell*, hostile work environment, and discipline issues set for trial.

As the first page of Dr. Siskin's report states, his assignment was to determine to what extent "there is statistical evidence to support the allegation that there is a widespread pattern and practice of discrimination against African American employees of the Chicago Department of Water Management (DWM)." (**Exhibit 1**, Siskin Report.) Similarly, Dr. Gallagher was asked to "analyze the materials related to this case and determine whether social science scholarship in my area of expertise can be used to help understand the role that race played, if any, in the workplace experiences of African Americans at the Department of Water Management." (**Exhibit 2**, Gallagher Report.) The experts' opinions address whether there was a hostile work environment within the DWM. That issue remains to be resolved, and that is why Plaintiffs referenced those in response to Defendant's motion for summary judgment.

In ruling on summary judgment, this Court also referenced the September 23, 2023 deadline the Court set for Rule 26(a)(2) disclosures "for summary judgment purposes." (*See* Dkt. 327 pg. 22, citing Dkt. 277.) Since discovery in this case was never bifurcated and Plaintiffs had no new opinions to disclose, Plaintiffs did not provide additional disclosures. Plaintiff did not re-disclose the opinions of Dr. Siskin and Dr. Gallagher because Plaintiffs only intended to present the previously disclosed opinions and testimony. The question now is whether, in a case where discovery was never bifurcated, Plaintiff should be precluded from presenting the opinions and testimony of experts that were fully disclosed during discovery?

1. **<u>Plaintiffs complied with Rule 26(a)(2) in August 2021.</u>**

Plaintiffs provided expert disclosures under Rule 26(a)(2), which states, in relevant part, that "a party must disclose to the other parties the identity of any witness <u>it may use at trial</u> to present evidence under Federal Rule of Evidence 702, 703, or 705." FED. R. CIV. P. 26(a)(2) (emphasis added). Plaintiffs' disclosures put Defendant on notice that Plaintiff would elicit <u>trial testimony</u> from Dr. Siskin and Dr. Gallagher. Defendant took the depositions of these witnesses and had ample opportunity to explore and rebut their opinions (including with their own expert). The purpose of Rule 26 – to allow the parties to have information concerning the expert witnesses to enable "opposing parties have a reasonable opportunity to prepare for effective cross examination" is fully satisfied here. (*See* FED. R. CIV. P. 26, cmnts on 1993 amendments). Two fully-disclosed experts should be permitted to testify at trial.[1] *Silverstein v. P&G Manufacturing Co.*, 700 F. Supp. 2d 1312, 1320 (S.D. Ga. 2009) (finding no prejudice in belated expert disclosure because "Defendants had adequate notice that Dr. Long could be called as a witness and, in fact, already took his deposition.").

Rule 26 does provide for the timing of expert disclosures, including by a date set by the Court. Plaintiffs complied with the original deadlines in this case and disclosed two experts. Plaintiffs did not re-disclose the same experts and opinions a second time

---

[1] This motion only addresses whether the witnesses could testify and is not intended to and does not address admissibility and scope issues which would be addressed in motions *in limine*.

- 4 -

for the subsequent deadline set by this Court because there was nothing new to disclose. Under the circumstances, the witnesses that were originally disclosed should be permitted to testify. As this Court concluded in *Rowe International Corp. v. Ecast, Inc.*, "by the same token, if the opinions and analyses offered by Meldal in this summary judgment phase do not differ substantially from his opinions offered in his expert report of last autumn, they are not 'late' for purposes of Rule 26(a), and thus there is no risk of "ambush" and no reason to exclude Meldal's declaration." 586 F. Supp. 2d 924, 935 (N.D. Ill. 2008). Barring disclosed expert opinions and testimony from experts fully disclosed and deposed by Defendant, because the same opinions were not re-disclosed, would elevate form over substance.

## 2. **Exclusion is not warranted under Rule 37.**

The standards set forth in Rule 37 do not warrant barring the opinions and testimony from two disclosed and deposed experts. The factors considered under Rule 37(c) in determining whether *previously undisclosed evidence* should be excluded are: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). None of those factors weigh in favor of exclusion here.

There is no prejudice or surprise here because the opinions and testimony were disclosed over two years ago, and Defendant deposed both experts. There is need to cure any claimed prejudice because the original disclosure stated the experts would testify in conformance with the disclosures. There will be no disruption to the trial because Defendants had the opinions for over two years, deposed both witnesses extensively, and still has more than a month to prepare cross-examinations. Finally, the opinions and testimony were disclosed previously and there was no bad faith or willfulness in not re-disclosing the same opinions a second time.

Although the testimony at issue here was already disclosed, even late disclosure of witness testimony are considered harmless when the testimony is already known to the parties. *See David*, 324 F.3d at 857-58 (testimony of undisclosed witness allowed when opposing party knew about the evidence for a significant period before trial); *Wells v. Berger, Newmark & Fenchel, P.C.*, 2008 WL 4365972, at *3 (N.D. Ill. Mar. 18, 2008) (no prejudice for failing to disclose a witness where moving party was aware of witnesses prior to and throughout litigation); *Pryor v. City of Chicago*, 2010 WL 431470, at *8 (N.D. Ill. Feb. 1, 2010) (party not obligated to supplement 26(a)(1) disclosures when information was "otherwise made known to the other parties during the discovery process."). While the cited cases address fact witness testimony, the same principle applies because the two experts' opinions and testimony were known to the parties for years before trial.

Even if Plaintiffs needed to re-disclose a prior opinion and Rule 26(e), addressing supplementation, applied, exclusion is not appropriate where the oversight is "harmless." *See* FED. R. CIV. P. 37(c)(1); *EEOC v. Freemen*, 626 F.Supp.2d 811, 822 (M.D. Tenn. 2009) ("Rule 37 thus clearly states that no remedy is appropriate for a harmless violation of Rule 26(a)."). Since Defendant already had full disclosure of Plaintiffs' experts' opinions and testimony, there is no genuine harm in this case. *See Mitchell v. City of Philadelphia*, 344 F. App'x 775, 781 (3d Cir. 2009) ("The non-members suffered no prejudice from the District Court's decision to allow Person to testify as an expert. They deposed him two years before trial, had access to the materials he used to form his opinions for even longer than that, and were given the opportunity to cross-examine him at length at trial.").

"Trials serve a truth-seeking function" and that function is not furthered by excluding fully disclosed opinions and testimony. *Gicla v. United States*, 572 F.3d 407, 412-13 (7th Cir. 2009) ("On this record, we cannot discern any concrete harm that Gicla suffered as a result of the unexpected disclosure."). Accordingly, Plaintiffs' disclosed and deposed experts should be permitted to testify about those opinions the parties agree or the Court determines are relevant to issues to be tried.

## Conclusion

The purpose of discovery and disclosures is to provide information for examination and cross-examination at trial. The information necessary for Defendant to examine Plaintiffs' experts was fully disclosed during discovery.

**WHEREFORE**, Plaintiffs pray that the Court overrule Defendants' procedural objection to allowing Plaintiffs experts to testify, and for any additional relief that is warranted under the circumstances.

        **PLAINTIFFS KATHERINE EALY, EDDIE COOPER, JR., VICKI HILL, ROBERT T. LAWS, JR. ANTON GLENN, DONALD ANDERSON,** and **DAVID HENRY**,

        By: /s/Devlin J. Schoop
           One of their Attorneys

Victor P. Henderson
Christopher W. Carmichael
Devlin J. Schoop
**HENDERSON PARKS, LLC**
140 S. Dearborn St., Suite 1020
Chicago, Illinois 60603
Tel: (312) 262-2900
vphenderson@henderson-parks.com
ccarmichael@henderson-parks.com
dschoop@henderson-parks.com

J. Bryan Wood
THE WOOD LAW OFFICE, LLC
303 W. Madison St., Ste. 2650
Chicago, IL 60606
Tel: (312) 554-8600
bryan@jbryanwoodlaw.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on **April 26, 2024**, the foregoing **Motion to Present Expert Testimony at Trial** was electronically filed with the Clerk of the United States District Court for the Northern District of Illinois by filing through the CM/ECF system, which served a copy of the foregoing upon all counsel of record.

By:/s/Delvin J. Schoop